IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT J. NICASTRO,                      :
                                         :
           Plaintiff,                    :
                                         :     Civil Action No. 15-182
     v.                                  :     Magistrate Judge Keith A. Pesto
                                         :
P. JOEL RITCHEY, et al,                  :
                                         :
           Defendants,                   :
                                         :

**CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS**

AND NOW, come defendants, by their counsel, Timothy Mazzocca, Deputy Attorney General, and Kenneth L. Joel, Chief Deputy Attorney General, Chief Litigation Section, and file the following Concise Statement of Undisputed Material Facts in accordance with Local Rule 56.1.

1. Plaintiff, Robert Nicastro, was approved for parole on August 20, 2013, conditional upon his completion of his therapeutic community program. (Ex. 1 p. 4)

2. Plaintiff's approval for parole was rescinded due to therapeutic community failure. (Ex. 1 p. 5)

3. Plaintiff had signed a "Therapeutic Community Admission/Consent Form" on April 24, 2013. (Ex. 2)

4. That form stated, "By signing this form, I agree to meet all expectations and abide by all rules and regulations of the Therapeutic Community." (Ex. 2)

5. Plaintiff was terminated from his therapeutic community program on August 27, 2013. (Ex. 3)

6. His termination was the culmination of a series of events that showed he was defiant towards recovery (he was convicted of DUI) that was not compatible with the therapeutic community. (Ex. 3)

7. Plaintiff began the therapeutic community program on May 2, 2013. (Ex. 3)

8. He was "peer encountered" for defiant behaviors on May 15, 2013, but he did not "internalize" the information provided. (Ex. 3)

9. On July 26, 2013, plaintiff was given a "learning experience" for his lack of participation in community activities after he had turned in assignments talking about his personal freedom to drink alcohol and drive a car. (Ex. 3)

10. Plaintiff received a termination warning on August 1, 2013 for not working his recovery in a positive manner, not complying with treatment, and for playing cat and mouse games. (Ex. 3)

11. Plaintiff informed his counselor that he had no intention of quitting drinking alcohol or working on his recovery. (Ex. 3)

12. On August 26, 2013, plaintiff refused to participate in a mock interview. (Ex. 3)

13. Plaintiff was disrespectful to peer assistants, and his peers complained about him because of his plans to begin using alcohol again upon release. (Ex. 3)

14. Because of this pattern of negative behaviors, plaintiff was terminated from the program. (Ex. 3)

15. Plaintiff's last act that led to his termination was the refusal to participate in the mock interview. (Ex. 7)[1]

---

[1] Exhibit 7 is an entry from plaintiff's Cumulative Adjustment Record. The entry has an objective section documenting plaintiff's actions and a section containing his counselor's

16.     At the mock interview, plaintiff rearranged the room, refused to shake the "interviewer's" hand, and refused to answer questions appropriately.  (Ex. 7)

17.     For example, he stated he was fired from his last job, he was only being interviewed because he was being forced to, and he should not be hired.  (Ex. 7)

18.     Plaintiff engaged in this disrespectful behavior in front of 15 other inmates, making it an unsafe situation for the staff member conducting the mock interview.  (Ex. 7)

19.     Upon receiving notice of his termination from the therapeutic community, plaintiff filed Grievance 474991 on August 27, 2013.  (Ex. 4 p. 1)

20.     In Grievance 474991, plaintiff made no mention of being terminated for threatening to file a grievance.  (Ex. 4 p. 1, 3)

21.     In contrast, he asserted that he was terminated due to his "beliefs", despite having completed all requirements for the program.  (Ex. 4 p. 3)

22.     On September 5, 2013, plaintiff filed Grievance 476065.  (Ex. 5 p. 1)

23.     In Grievance 476065, he argued that he completed all requirements of the therapeutic community program, and his evaluation contained false information.  (Ex. 5 p. 1)

24.     He made no mention of being terminated for threatening to file a grievance.  (Ex. 5 p. 1, 3)

25.     On September 16, 2013, plaintiff filed Grievance 477696.  (Ex. 6)

26.     In Grievance 477696, he alleged that he was terminated from the therapeutic community program in violation of his religious freedom because the program was based on belief in a higher power.  (Ex. 6 p. 1)

---

impressions.  The counselor's impressions are confidential for security reasons and have been redacted.

27. He made no mention of being terminated for threatening to file a grievance. (Ex. 6 p. 1-2)

Respectfully submitted,

BRUCE R. BEEMER
Attorney General


/s/ Timothy Mazzocca
TIMOTHY MAZZOCCA
Deputy Attorney General
Litigation Section

KENNETH L. JOEL
Chief Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue
Pittsburgh, PA 15219
Date: September 28, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within *Concise Statement of Undisputed Material Facts* was served upon the following individual via the CM/ECF Filing System or by First Class Mail.

**ROBERT NICASTRO**
KV-7893
P.O. Box 9999
LaBelle, PA  15450-1050

                                                                  By:     /s/ Timothy Mazzocca
                                                                  TIMOTHY MAZZOCCA
                                                                  Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue, Manor Complex
Pittsburgh, PA 15219

Date:  September 28, 2016