IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT J. NICASTRO,                :
       Plaintiff,            :
    v.                              :   Case No. 3:15-cv-182-KRG-KAP
                              :
P. JOEL RITCHEY, et al.,           :
       Defendants           :

Report and Recommendation

Recommendation

Plaintiff has at ECF no. 29 filed a motion to proceed *in forma pauperis*. The motion should be denied. I recommend that decision on the pending motion for summary judgment be stayed pending payment of the filing fee, and the matter dismissed for failure to prosecute if petitioner does not pay the filing fee within six months.

Report

Plaintiff was an inmate subject to the Prison Litigation Reform Act who in several motions to proceed *in forma pauperis* filed in connection with several prison conditions lawsuits reported regular deposits to his inmate account. Now that plaintiff has been released from prison, his motion to proceed *in forma pauperis* reports that he has an income solely of $200/month in food stamps. Plaintiff reports that he has no cash, no savings, no bank accounts, and no other assets, explaining "The state[] ... has stripped me of everything I once had or owned." Plaintiff claims

to owe "approx $25,000" in costs and fines to the various counties in which he has been prosecuted. Plaintiff reports "none" as his expenses, and although he asserts that his wife and two children are "dependent on me for support" and from his mailing address he may reside at the same address as his wife and children, plaintiff does not claim to contribute anything to their support.

In this and other prison conditions lawsuits plaintiff has reported that he is in his early 50s, that he has more than two decades of self-employment as an oil and gas landman, that he planned to work immediately upon release from prison, and that he has damages in the form of lost income in amounts of $360,000 and $450,000. That implies an ability to earn an income. In the motion to proceed in forma pauperis, plaintiff states nothing about his ability to perform gainful employment or his efforts to find work.

A motion to proceed in forma pauperis should inform the court whether the movant can bear the costs of litigation without undue hardship; it is not and should not be a series of uninformative entries on a court-supplied form. A court has an "obligation to guard its resources, " Deutsch v. United States, 67 F.3d 1080, 1092 (3d Cir.1995)(affirming the dismissal of a federal inmate's Federal Tort Claims Act complaint alleging that the United States owed him $4.20 because corrections officers had

taken some of his pens and not returned them), and should not have the taxpayer subsidize someone who is not indigent.

In criminal cases, the court must give careful scrutiny to claims of indigence by a criminal defendant applying for counsel under the Criminal Justice Act, United States v. Konrad, 730 F.3d 343, 350 (3d Cir.2013) (defining indigence as inability to meet the cost of the "necessities of life"), and that is in a case when representation by counsel is guaranteed by the Sixth Amendment. In a civil suit where the plaintiff has every incentive to be a free rider the scrutiny of an *in forma pauperis* motion should be at least as careful. A judge should not overlook obvious holes in a motion, and may even have a duty to investigate its assertions. As the Court of Appeals once observed, a trial judge is not compelled to act like a spectator at a sporting event. See United States v. Green, 544 F.2d 138, 146-47 (3d Cir.1976)(affirming trial judge who, *inter alia*, questioned defense witnesses during jury trial and had law clerks record and testify at competency hearing about actions by the defendant inconsistent with claim of incompetency).

Here, the plaintiff's "approx" estimate of his costs and fines is suspiciously high, and even if it were accurate there is no basis to think that county costs and fines departments would have the legal power to sanction plaintiff for nonpayment if he is

indigent. Plaintiff may not have found work after being released from prison so recently, but he does not claim or describe any inability to work. Plaintiff is not homeless, will not lack food, and claims no living expenses. Plaintiff is not indigent: paying the filing fee will not, on this record, deprive plaintiff (or anyone else) of any necessity of life.

Plaintiff has several times asked for appointed counsel: now that he is not incarcerated plaintiff can easily seek an attorney who, if counsel believes plaintiff's claims to have enough merit, can advance the cost of the filing fee. Or plaintiff, whether represented or *pro se*, can work odd jobs for a month to pay the filing fee. If plaintiff has to do so he will like any other person have to make the choice whether his lawsuit is worth the effort to fund it. *In forma pauperis* status is not for the purpose of allowing a non-indigent litigant to avoid that hard choice.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation that plaintiff has six months to pay the filing fee.

DATE: 20 Jun 2017

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

> Robert J. Nicastro
> c/o Marilyn Nicastro
> 336 Landis Avenue
> Millersville, PA 17551