## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. NICASTRO, | ) | CIVIL ACTION NO. 3:15-182 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| P. JOEL RITCHEY, *DATS Supervisor,* | ) | |
| *SCI Laurel Highlands,* and LORRIE | ) | |
| EARNESTY, *DATS Counselor, SCI* | ) | |
| *Laurel Highlands.* | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

## I.   Introduction

Currently pending before the Court are two matters. The first is the status of Plaintiff Robert J. Nicastro's ("Mr. Nicastro") "Amendment to Complaint" at ECF No. 18 (the "Amended Complaint"), which advances claims against Defendants Mario Dirienzo ("Mr. Dirienzo") and William Mailman ("Mr. Mailman"). With respect to that filing as a whole, and pursuant to the Court's authority under 42 U.S.C. Section 1997e(c), the Court holds as follows: (1) Mr. Nicastro has failed to state a claim upon which relief can be granted with respect to Mr. Dirienzo, (2) Mr. Nicastro's claim pursuant to the Establishment Clause as against Mr. Mailman may proceed and is an operative claim in the context of this case, and (3) Mr. Nicastro has failed to state a claim upon which relief can be granted against Mr. Mailman in all other respects. Accordingly, the Court will dismiss Mr. Dirienzo from this action, and the Court will also dismiss all of Mr. Nicastro's claims against Mr. Mailman with the lone exception of his claim pursuant to the Establishment Clause.

The second matter currently before the Court is Mr. Nicastro's "Motion to Compel Production of Evidence[.]" (ECF No. 80). The Motion is fully briefed, (ECF Nos. 80, 82, 83), and ripe for disposition. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Nicastro's Motion. The Court will permit Mr. Nicastro to submit four narrow document requests to Defendants P. Joel Ritchey, ("Mr. Ritchey), Lorrie Earnesty, ("Ms. Earnesty"), and Mr. Mailman (collectively, the "Remaining Defendants"). Discovery in this case shall remain closed in all other respects.

II.     **Background**

The Court begins by outlining the procedural history of this case, which is relevant to both the status of Mr. Nicastro's Amended Complaint and his Motion to Compel.

A.     **Mr. Nicastro's Complaints and Certain Related Filings From 2015 and 2016**

On July 10, 2015, the Court received Mr. Nicastro's Initial Complaint (the "Initial Complaint"), which he filed while incarcerated. (ECF No. 2). In that document, he asserted several claims against eight Defendants, including Mr. Mailman, Mr. Ritchey, and Ms. Earnesty. (*Id.* at 2–3). Further, as is relevant to the matters presently before the Court, Mr. Nicastro alleged that: (1) he was granted parole from prison, contingent upon his completion of a Therapeutic Community ("TC") program; (2) that TC program, as it was conducted at the facility wherein he was incarcerated, was a "Faith-based cult[;]" and (3) he was terminated from participating in that TC program, thereby becoming unqualified for parole, after he complained about violations of his religious liberty while participating in the TC program. (*Id.* at 3).

On July 16, 2015, the Magistrate Judge issued a Report and Recommendation (1) screening the Initial Complaint pursuant to the Prison Litigation Reform Act (the "PLRA") and

(2) recommending that it be dismissed for failure to state a claim as to all Defendants except Mr. Ritchey and Ms. Earnesty. (ECF No. 5 at 1).

Then, on September 11, 2015, Mr. Nicastro, who was still incarcerated, submitted an additional Complaint (the "Additional Complaint") at a separate case number. (Case No. 3:15-cv-247, ECF No. 2). In that document, Mr. Nicastro asserted claims against Mr. Mailman and Mr. Dirienzo. (*Id.* at 1). Upon screening the Additional Complaint at case number 3:15-cv-247, the Magistrate Judge issued a Report and Recommendation recommending that the Additional Complaint be dismissed without prejudice to Mr. Nicastro filing an amended complaint at Case No. 3:15-cv-182. (Case No. 3:15-cv-247, ECF No. 5 at 1–2). On October 29, 2015, the Court adopted the Magistrate Judge's Report and Recommendation, dismissing the Additional Complaint at Case No. 3:15-cv-247 without prejudice and permitting Mr. Nicastro to file an Amended Complaint at Case No. 3:15-cv-182. (Case No. 3:15-cv-247, ECF No. 6).

In July 2016, Mr. Nicastro, who was still incarcerated, filed his Amended Complaint at Case No. 3:15-cv-182. (Case No. 3:15-cv-182, ECF No. 18). Construing Mr. Nicastro's Additional Complaint at Case No. 3:15-cv-247 in conjunction with his Amended Complaint at Case No. 3:15-cv-182,[1] the Court finds that Mr. Nicastro asserts claims against Mr. Mailman and Mr. Dirienzo for allegedly: (1) violating the Establishment Clause of the First Amendment to the United States Constitution, (2) retaliating against Mr. Nicastro in violation of the First Amendment, and (3) engaging in a conspiracy to violate his constitutional rights. (Case No. 3:15-cv-182, ECF No. 18; Case No. 3:15-cv-247, ECF No. 2).

---

[1] In his Amended Complaint in this action, Mr. Nicastro expressly requests that the Additional Complaint in case number 3:15-cv-247 "be made a part of this Docket[.]" (ECF No. 18 at 3).

On September 28, 2016, Mr. Ritchey and Ms. Earnesty[2] filed a Motion for Summary Judgment, requesting that the Court dismiss Mr. Nicastro's Initial Complaint "in its entirety with prejudice." (ECF No. 19).[3] The Court notes that, as of the date that Mr. Ritchey and Ms. Earnesty filed their Motion for Summary Judgment, Mr. Nicastro's Amended Complaint had been placed on the docket, and the Court had not yet ruled on the Magistrate Judge's Report and Recommendation at ECF No. 5 regarding Mr. Nicastro's Initial Complaint in this action.

**B.    The Magistrate Judge's 2022 Report and Recommendation and Mr. Nicastro's Objections**

On August 16, 2022, the Magistrate Judge wrote a Report and Recommendation, recommending that Mr. Ritchey and Ms. Earnesty's Motion for Summary Judgment be granted in full. (ECF No. 49 at 1). Indeed, the Magistrate Judge stated that there were two remaining claims in this matter: "a First Amendment Establishment Clause claim and a First Amendment retaliation claim. Neither can be submitted to a jury." (*Id.*).

Critically, in the course of his Report and Recommendation, the Magistrate Judge also reviewed Mr. Nicastro's Additional Complaint in Case No. 3:15-cv-247, as well as Mr. Nicastro's Amended Complaint in this action. (*Id.* at 5–6). In reviewing those documents, the Magistrate Judge indicated that he was "[s]creening the [Amended Complaint] together with the [Additional Complaint.]" (*Id.* at 6). Upon doing so, the Magistrate Judge stated that, because Mr. Nicastro had failed to allege sufficient personal involvement on the part of either Mr.

---

[2] In their Brief in Support of their Motion, Mr. Ritchey and Ms. Earnesty made it clear that they believed they were the only remaining defendants in this case, (Case No. 3:15-cv-182, ECF No. 20 at 1), leading the Court to conclude that they alone moved for Summary Judgment.

[3] Starting with this citation and moving forward throughout this Section, all of the docket citations pertain to the filings at case number 3:15-cv-182. Accordingly, the Court will not list the docket number in its citations moving forward throughout this Section.

Mailman or Mr. Dirienzo in the events underlying Mr. Nicastro's claims, Mr. Nicastro had failed to state a claim upon which relief could be granted against either of those two Defendants. (*Id.*). Finally, the Magistrate Judge noted that he had previously found the Additional Complaint at Case No. 3:15-cv-247 to state a claim of conspiracy in a "loose and conclusory" manner. (*Id.* at 5).

On November 4, 2022, Mr. Nicastro's Objections to the Magistrate Judge's Report and Recommendation were placed on the docket. (ECF No. 53). With respect to Mr. Nicastro's claims against Mr. Mailman and Mr. Dirienzo in the Additional Complaint at Case No. 3:15-cv-247 and the Amended Complaint at this case, Mr. Nicastro generally states that the evidence "shows [Mr.] Mailman [and] [Mr.] Dirienzo were <u>directly</u> involved in" many of the events underlying his claims. (*Id.* at 4) (emphasis in original). Specifically, Mr. Nicastro asserts that Ms. "Earnesty stated to me [that Mr.] Mailman will make the final decision" relative to Mr. Nicastro's termination from the TC program, which is an important component of his Establishment Clause and Retaliation claims. (*Id.*).

C.      **The Court's February 2, 2023, Memorandum Opinion and Order**

In its February 2, 2023, Memorandum Opinion and Order, the Court adopted the Magistrate Judge's Report and Recommendation at ECF No. 5 in this matter, (ECF No. 54 at 5), and therefore dismissed all defendants named in the Initial Complaint except for Mr. Ritchey and Ms. Earnesty. (*Id.*). However, the Court did not directly address Mr. Nicastro's claims

against Mr. Mailman and Mr. Dirienzo as articulated in the Additional Complaint at Case No. 3:15-cv-247 and the Amended Complaint in this case. (*See* ECF No. 54).[4]

Turning to the Establishment Clause and Retaliation claims against Mr. Ritchey and Ms. Earnesty, the Court agreed with the Magistrate Judge that summary judgment was warranted on the Retaliation claim. (ECF No. 54 at 6).

However, regarding Mr. Nicastro's Establishment Clause claim, the Court found that the record contains:

> [S]pecific facts indicating … (a) [that Mr. Nicastro] was required to complete the TC program because failure to do so would have negatively impacted his parole eligibility; (b) that this program involved religious elements with which [Mr. Nicastro] found engagement objectionable; (c) that engagement with these religious elements was effectively required for participating inmates; and (d) that [Mr. Nicastro's] termination from the program was at least partially a consequence of [his] unwillingness to so engage.

(*Id.*). Further, the Court noted that it is "well-established that '[t]he government violates the First Amendment's Establishment Clause when it requires a prisoner to participate in a drug or alcohol rehabilitation program with a religious component.'" (*Id.* at 7) (quoting *Bobko v. Lavan*, 157 F. App'x 516, 518 (3d Cir. 2005)). And, requiring "an inmate to participate in a program with a religious component will violate the inmate's Establishment Clause rights unless a secular approach to recovery is available within the program." (*Id.*). Therefore, because the Court found that Mr. Nicastro had "raised material questions of fact" as to "whether he was required to engage with TC's religious and/or spiritual elements in order to successfully complete the

---

[4] The Court's only reference to the Amended Complaint in this matter was its errant statement that Mr. Nicastro filed the Amended Complaint "contrary to [the Magistrate Judge's] recommendation[.]" (ECF No. 54 at 4). That statement by the Court was errant because both the Magistrate Judge and this Court gave Mr. Nicastro leave to file his Amended Complaint in this case, albeit in a separately-docketed action—case number 3:15-cv-247.

program[,]" as well as "whether he was offered a secular means of completing SCI Laurel Highlands' TC program," the Court found that summary judgment was improper with respect to Mr. Nicastro's Establishment Clause claim. (*Id.* at 7–12).

In short, following this Court's February 2, 2023, Memorandum Opinion and Order, this case contains the following two components: (1) an Establishment Clause claim by Mr. Nicastro as against Mr. Ritchey and Ms. Earnesty and (2) claims by Mr. Nicastro against Mr. Mailman and Mr. Dirienzo that are found in the Additional Complaint at Case No. 3:15-cv-247 and the Amended Complaint in this case.

## III.    The Status of Mr. Nicastro's Amended Complaint

As the Court noted above, in the Magistrate Judge's Report and Recommendation at ECF No. 49, he implicitly recommended that the Court dismiss in full Mr. Nicastro's Additional Complaint at Case No. 3:15-cv-247 and the Amended Complaint in this case. (Case No. 3:15-cv-182, ECF No. 49 at 5–6). Further, Mr. Nicastro filed Objections to that Report and Recommendation. (Case No. 3:15-cv-182, ECF No. 53). Finally, when a party files timely objections to a "magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (internal quotation marks and citation omitted).[5]

---

[5] The Court notes that Mr. Nicastro's Objections were due on or before October 31, 2022. (Case No. 3:15-cv-182, ECF No. 52). Although Mr. Nicastro dated his Objections October 31, 2022, they were not filed with the Court until November 4, 2022. (Case No. 3:15-cv-182, ECF No. 53). Further, although Mr. Nicastro is pro se, the Court has no indication that he was still incarcerated at the time he filed his Objections to the Report and Recommendation at ECF No. 52. *Bond v. VisionQuest*, 410 F. App'x 510, 514 (3d Cir. 2011) (holding that the pro se plaintiff was not entitled to the "prisoner mailbox rule" where there "was no way for the District Court to have known that [he] was imprisoned" when he filed his

Here, evaluating the Additional Complaint at Case No. 3:15-cv-247 in conjunction with the Amended Complaint in this action, the Court agrees with the Magistrate Judge that Mr. Dirienzo's only alleged participation in the events underlying Mr. Nicastro's Establishment Clause claim was the role that he allegedly played in helping to deny Mr. Nicastro's grievance relative to those events. (Case No. 3:15-cv-247, ECF No. 2; Case No. 3:15-cv-182, ECF No. 18, Case No. 3:15-cv-182, ECF No. 49 at 5–6). That alleged involvement is insufficient to state a claim for violation of the Establishment Clause as against Mr. Dirienzo. *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) ("Although the complaint alleges that [defendants] responded inappropriately to [plaintiff's] later-filed grievances about his medical treatment, these allegations do not establish [defendants'] involvement in the treatment itself. As a result, this claim lacks an arguable basis in law and was properly dismissed pursuant to" the PLRA). Therefore, the Court dismisses with prejudice Mr. Nicastro's Establishment Clause claim as against Mr. Dirienzo.[6] 42 U.S.C. § 1997e(c); *Beenick v. LeFebvre*, 684 F. App'x 200, 204 (3d Cir.

---

complaint); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996) ("[W]e deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis*.") (emphasis in original).

However, the Court also notes that it previously deemed Mr. Nicastro's Objections to the Report and Recommendation at ECF No. 49 to be timely. (Case No. 3:15-cv-182, ECF No. 54 at 5). Further, regardless of Mr. Nicastro's Objections to the Report and Recommendation, the Court would reach the same result set forth in the text above upon consideration of the relevant Complaints and the Report and Recommendation at ECF No. 49. Therefore, for purposes of this Memorandum Opinion and Order alone, the Court applies the de novo standard of review to the Report and Recommendation at ECF No. 49.

[6] The Court notes that the dismissals in this Section are with prejudice because Mr. Nicastro has already been permitted to file two complaints pertaining directly to these allegations, as well as his Initial Complaint, which is closely related to the factual allegations in the Additional Complaint and the Amended Complaint. *See Gibson v. Owens*, No. 16-CV-06362 (JBS-AWD), 2018 WL 1509084, at *4 (D.N.J. Mar. 27, 2018) ("In light of (a) the opportunity that has already been given to Plaintiff to submit an amended complaint that meets the requisite pleading standards, and (b) the Amended Complaint's

2017) (noting that "§ 1997e(c) is applicable throughout the litigation and provided the District Court with the authority to review the claim, regardless of the stage of the case"); *Smith v. Wetzel*, No. 1:19-CV-0700, 2019 WL 2119935, at *1 (M.D. Pa. May 15, 2019).

However, the same cannot be said for Mr. Nicastro's allegations as against Mr. Mailman regarding the Establishment Clause claim. In the Amended Complaint in this case, Mr. Nicastro states that, according to Ms. Earnesty, "Mr. Ritchey [met] with Mr. Mailman … to get a final decision on [his] Termination" from the TC program. (Case No. 3:15-cv-182, ECF No. 18 at 1). Taken as true, this allegation plausibly states that Mr. Mailman played a direct and personal role in the decision to terminate Mr. Nicastro's participation in the TC program, a termination that is an important component of Mr. Nicastro's Establishment Clause claim. (Case No. 3:15-cv-182, ECF No. 54 at 6); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Therefore, the Court finds that Mr. Nicastro's Establishment Clause claim as against Mr. Mailman is not subject to dismissal at this time and is still active in this case.[7]

Turning to Mr. Nicastro's Retaliation claim, and for the reasons set forth in the Report and Recommendation at ECF No. 49, the Court finds that Mr. Nicastro has failed to state such a claim against either Mr. Dirienzo or Mr. Mailman. The Court finds Mr. Nicastro's Objections on this score meritless. (Case No. 3:15-cv-182, ECF No. 53 at 4). Therefore, the Court will dismiss with prejudice Mr. Nicastro's Retaliation claim as against Mr. Dirienzo and Mr. Mailman.

---

failure to allege facts sufficient to survive § 1915 review, the Court concludes that permitting further amendment would be futile. The Court hereby dismisses with prejudice the [relevant claims in the Amended Complaint.]").

[7] To be clear, the Court is not presently passing on the merits of Mr. Nicastro's Establishment Clause claim as against Mr. Mailman. The Court is simply holding that it is unable to find, at this stage in this case, that Mr. Nicastro has failed to state a claim upon which relief can be granted.

Finally, turning to Mr. Nicastro's Conspiracy claim, the Court finds his allegations wholly conclusory, as indicated by the Magistrate Judge. (Case No. 3:15-cv-182, ECF No. 49 at 5). Further, the Court finds that Mr. Nicastro's Objections on this score are meritless. (Case No. 3:15-cv-182, ECF No. 53 at 4). Therefore, the Court will dismiss with prejudice Mr. Nicastro's Conspiracy claim as against Mr. Dirienzo and Mr. Mailman.

Accordingly, at this juncture in this case, Mr. Nicastro has one remaining claim—for violation of the Establishment Clause. And that claim remains operative as against three defendants—Mr. Ritchey, Ms. Earnesty, and Mr. Mailman (collectively, the "Remaining Defendants").

With that finding in place, the Court turns its attention to Mr. Nicastro's Motion to Compel.

## IV.    Mr. Nicastro's Motion to Compel

Mr. Nicastro filed his Motion to Compel on January 2, 2024. (ECF No. 80).[8] On January 17, 2024, Mr. Ritchey and Ms. Earnesty submitted their Response to the Motion. (ECF No. 82). Finally, on January 22, 2024, Mr. Nicastro submitted a Reply. (ECF No. 83).

### A.    Legal Standard

In relevant part, Federal Rule of Civil Procedure 26(b)(1) provides the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[8] Beginning with this citation and moving forward throughout this Memorandum Opinion, all citations to the docket refer to the docket at Case Number 3:15-cv-182.

> Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). As a general mater, it is "well established that the scope and conduct of discovery are within the sound discretion of the trial court[.]" *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). However, that "discretion is limited by Rule 26, which reaches only nonprivileged matter that is relevant to any party's claim or defense [and proportional to the needs of the case]." *Leaphart v. Little*, No. 23-CV-1062, 2024 WL 249008, at *2 (W.D. Pa. Jan. 23, 2024) (internal quotation marks and citation omitted). Accordingly, the "Court's discretion in ruling on discovery issues is … restricted to valid claims of relevance and [items such as] privilege." *Id.* (internal quotation marks and citation omitted). Notably, "federal policy favors broad discovery in civil rights action[s.]" *Jackson v. Beard*, No. 3:11-CV-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014).

As the moving party under Federal Rule of Civil Procedure 37, Mr. Nicastro "bears the initial burden of showing the relevance of the requested information." *Leaphart*, 2024 WL 249008, at *2 (internal quotation marks and citation omitted); *A.J. v. Mastery Charter High School*, No. 22-2900, 2023 WL 6804576, at *6 (3d Cir. Sept. 20, 2023) ("In general, the proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.") (internal quotation marks and citation omitted); *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 112 (M.D. Pa. 2017) ("In addition, [t]he party seeking the discovery has the burden of clearly showing the relevancy of the information sought.") (internal quotation marks and citation omitted). "Once that burden is satisfied, the party resisting the discovery has the burden to establish that the discovery being sought is not relevant or

otherwise inappropriate." *Leaphart*, 2024 WL 249008, at *2 (internal quotation marks and citation omitted).

Finally, if a court grants in part and denies in part a motion to compel, "'the court may issue any protective order authorized by Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.'" *Bessemer Sys. Fed. Credit Union v. Fiserv Solutions, Inc.*, No. 2:19-CV-00624-RJC, 2023 WL 5029643, at *3 (W.D. Pa. Aug. 8, 2023) (quoting FED. R. CIV. P. 37(a)(5)(C)).

### B.   The Court Grants in Part and Denies in Part Mr. Nicastro's Motion to Compel

Mr. Nicastro's Motion to Compel, (ECF No. 80), implicates seven distinct issues, which the Court now addresses in turn.

### 1.   The Court Denies Without Prejudice Mr. Nicastro's Motion to Compel the Production of TC Documents

In his Motion to Compel, Mr. Nicastro first states that, on November 15, 2023, he mailed a "Third (3) Request for Documents" to counsel for Mr. Ritchey and Ms. Earnesty. (ECF No. 80 at 1). In that Request, which Mr. Nicastro attached to his Motion to Compel, he sought "ALL DOC/PBPP documents related to [his] participation in the TC Program[.]" (ECF No. 80-2 at 1) (emphasis in original). However, Mr. Nicastro contends that counsel for Mr. Ritchey and Ms. Earnesty did not respond to this Request. (ECF No. 80 at 1).[9]

In Mr. Ritchey and Ms. Earnesty's Response to Mr. Nicastro's Motion to Compel, Mr. Ritchey and Ms. Earnesty aver that they sent Mr. Nicastro "his TC evaluations in 2013 and 2014" one day prior to his November 15, 2023, Request. (ECF No. 82 at 3). Further, in Mr.

---

[9] Mr. Nicastro also asserts that he sent a copy of this Request to the Court to be recorded, but the Court did not record the Request. (ECF No. 80 at 1). The Court notes that this Request is docketed at ECF No. 79 in this case.

Nicastro's Reply, he offers the Court no specific indication that his November 15, 2023, Request sought anything other than his TC evaluations for 2013 and 2014. (ECF No. 83 at 1). Therefore, because it *appears* that Mr. Nicastro has received the documents he sought in his November 15, 2023, Request, the Court denies his Motion to Compel without prejudice as moot[10] insofar as he seeks all "DOC/PBPP documents related to [his] participation in the TC Program[.]"

### 2. The Court Denies Mr. Nicastro's Motion to Compel the Production of Mr. Dirienzo's Email

Mr. Nicastro next seeks to compel Mr. Ritchey and Ms. Earnesty to produce an email that Mr. Dirienzo sent to Mr. Mailman, an email that Mr. Nicastro asserts Mr. Mailman used in denying his grievance appeal. (ECF No. 80 at 1–2; ECF No. 80-1 at 1). With respect to this email, counsel for Mr. Ritchey and Ms. Earnesty averred the following:

> Defense Counsel has received confirmation that this email could not be located. To further explain, in accordance with PA Office of Administration policy, when a Commonwealth employee separates from Commonwealth employment, the employee's email account is purged. No emails are retained unless there are litigation holds due to a pending lawsuit. [Mr.] Dirienzo retired in September 2023. There were no litigation holds on his account; therefore, no reason to retain any emails.

(ECF No. 80-1 at 1). For his part, Mr. Nicastro responds that the "jury will understand this is intentional destruction of evidence." (ECF No. 80 at 2).

With respect to this issue, the Court "'cannot compel the production of things that do not exist. Nor can the [C]ourt compel the creation of evidence by the parties who attest that they do not possess the material sought by an adversary in litigation.'" *Easley v. Tritt*, No. 1:17-CV-

---

[10] The Court stresses that its denial of the Motion to Compel on this score is without prejudice. Indeed, if Mr. Nicastro sought documents in addition to his 2013 and 2014 TC evaluations in his November 15, 2023, Request, he may again attempt to seek those documents from the Remaining Defendants in this action.

930, 2020 WL 836695, at *3 (M.D. Pa. Feb. 20, 2020) (quoting *Amfosakyi v. Frito Lay*, No. 1:11-CV-651, 2011 WL 5593133, at *3 (M.D. Pa. Nov. 17, 2011)). Therefore, because counsel for Mr. Ritchey and Ms. Earnesty has averred that Mr. Dirienzo's email no longer exists, the Court denies Mr. Nicastro's Motion to Compel production of that email.[11]

### 3. The Court Will Permit Mr. Nicastro to Request a Specific Document Regarding the Verification of his RRRI Status

Third, in his document requests, Mr. Nicastro sought "[a]ll [Department of Corrections ("DOC")] documents related to [his] certification" in the "PA Recidivism Risk Reduction Incentive Program" ("RRRI"). (ECF No. 80-1 at 2). In response to this request, counsel for Mr. Ritchey and Ms. Earnesty provided Mr. Nicastro with a link to "complete PA DOC information pertaining to this program[.]" (*Id.*). Further, counsel for Mr. Ritchey and Ms. Earnesty stated that it was "not clear what [Mr. Nicastro] means by 'certification.'" (*Id.*). However, counsel provided Mr. Nicastro with his "own adjustment records." (*Id.*).

In his Motion to Compel, Mr. Nicastro states that counsel for Mr. Ritchey and Ms. Earnesty "has presented a hodge-podge of incomplete and falsified document[s]. [Counsel] has presented no documentation regarding the verification of my RRRI Status." (ECF No. 80 at 2) (cleaned up). Specifically, Mr. Nicastro seems to be seeking documentation that indicates the

---

[11] The Court notes that Mr. Nicastro has not explicitly moved for spoliation sanctions relative to this email. (ECF No. 80). As such, the Court does not presently rule on that issue. The Court does note, however, that spoliation sanctions on this score would clearly require a finding that this email from Mr. Dirienzo (who is no longer a defendant) is relevant to this case. *Bistrian v. Levi*, 448 F. Supp. 3d 454, 465–68 (E.D. Pa. 2020) (noting that: (1) with respect to evidence that does not constitute electronically stored information ("ESI"), the evidence sought must be relevant to the claims or defenses in the case for spoliation to have occurred and (2) with respect to ESI evidence, the evidence sought must be relevant in order for spoliation to have occurred).

following two facts: (1) his sentencing judge designated him as RRRI-eligible and (2) the Pennsylvania DOC ratified that status. (*Id.*).

In Mr. Ritchey and Ms. Earnesty's Response to Mr. Nicastro's Motion, they recount what they have provided to Mr. Nicastro on this score. (ECF No. 82 at 4). Further, they offer no objection to providing documentation to Mr. Nicastro that indicates the two facts noted above. (*Id.*). Accordingly, the Court will permit Mr. Nicastro to submit a request to the Remaining Defendants for specific documentation that indicates the following two facts: (1) Mr. Nicastro's sentencing judge designated him as RRRI-eligible and (2) the Pennsylvania DOC ratified that status, insofar as the Remaining Defendants can produce such documentation. *See Bramble v. Wetzel*, No. 4:20-CV-2394, 2021 WL 5918752, at *4 (M.D. Pa. Dec. 15, 2021) (denying the plaintiff's request for his entire prison file, but permitting the plaintiff to "make a narrower, specific request for documents in his prison file that he believes may be relevant to his … claims in this litigation and that the Pennsylvania DOC is able to produce").

### 4. The Court Will Permit Mr. Nicastro to Request Specific Grievances That Are Relevant to This Case

Fourth, Mr. Nicastro submitted a request to Mr. Ritchey and Ms. Earnesty for "Complete DOC guidelines for grievances" and "[a]ll Investigative material related to [his] grievances[.]" (ECF No. 80-1 at 2). In responding to that request, counsel for Mr. Ritchey and Ms. Earnesty first stated that the request is "overbroad, vague, and non-specific." (*Id.*). However, counsel referred Mr. Nicastro to the Pennsylvania DOC's "DC-ADM 804 Inmate Grievances" policy, which is publicly available online. (*Id.*). Counsel also provided Mr. Nicastro with his grievance history

while in PA DOC custody, stating that he could "review the grievance history and make specific requests for grievances by number." (*Id.* at 3).

In his Motion to Compel, Mr. Nicastro states that there are "three grievances against [Mr.] Ritchey and [Ms.] Earnesty in this lawsuit[,]" and that the grievance history that defense counsel provided him does not list any of those three grievances. (ECF No. 80 at 3) (cleaned up).

Finally, in Mr. Ritchey and Ms. Earnesty's Response, they state that Mr. Nicastro has not made any additional requests for specific grievances. (ECF No. 82 at 4).

In light of the foregoing, the Court will permit Mr. Nicastro to submit to the Remaining Defendants requests for specific grievances that he filed while incarcerated and that are relevant to this lawsuit. *Mercaldo v. Wetzel*, No. 1:13-CV-1139, 2016 WL 5851958, at *6 (M.D. Pa. Oct. 6, 2016) ("[Plaintiff's] resort to a motion to compel in the face of the defendants' efforts to work with him to clarify and narrow his discovery request is unreasonable and undermines his request. To the extent that [plaintiff] wishes to be furnished with copies of past grievances that he has filed, he should review the list of grievances provided and advise the defendants as to which grievances he believes are relevant to his claims in this case so that the defendants may consider this request anew, and determine whether they have any legitimate objections to providing [plaintiff] with a response to his narrowed request. However, [plaintiff] has not persuasively explained how a blanket production of all 'grievances, decisions, appeals, complaints, and missives, etc.' is reasonable or why further response to such a broad request should be compelled.").[12]

---

[12] The Court also notes that certain of Mr. Nicastro's grievances are in the record in this case. (*See* ECF No. 23). Accordingly, before submitting his specific requests to the Remaining Defendants, Mr. Nicastro would do well to confirm that the grievances he now seeks are not already in the record.

However, to the extent that Mr. Nicastro broadly and vaguely seeks to compel the production of all investigative material related to his grievances without offering any explanation as to how that investigative material is relevant to this case, (ECF Nos. 80, 83), the Court denies his request. *Simmons v. Gilmore*, No. 2:17-CV-00996, 2019 WL 3944325, at *3 (W.D. Pa. Aug. 21, 2019).

> **5. The Court Will Permit Mr. Nicastro to Submit a Request to the Remaining Defendants for Specific Items in Their Personnel Files That Are Relevant to His Establishment Clause Claim**

Fifth, Mr. Nicastro submitted a request to Mr. Ritchey and Ms. Earnesty for their "'Complete employment history[.]'" (ECF No. 80-1 at 3). In response to that request, Mr. Ritchey and Ms. Earnesty's counsel objected on the ground that it sought "information which is not reasonably likely to lead to the discovery of admissible evidence." (*Id.*). Finally, in his Motion to Compel, Mr. Nicastro argues as follows with respect to this information:

> The competency of [Mr.] Ritchey and [Ms.] Earnesty is the root of this lawsuit. [Ms.] Earnesty had no background in this field and was a brand-new employee. [Mr.] Ritchey is a bigoted religious zealot who was removed from his position following my Grievances, forcing hundreds of men to be relocated for TC.

(ECF No. 80 at 3).

In addressing this request by Mr. Nicastro, the Court begins by noting that, although "personnel files are discoverable, they contain confidential information and discovery of them should be limited." *Johnson v. Holt*, Nos. 1:15-CV-336, 1:15-CV-337, 2016 WL 74818, at *2 (M.D. Pa. Jan. 7, 2016) (citing *Reagan-Toughy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008)). Applying that principle to Mr. Nicastro's request, the Court does find it conceivable that certain aspects of the Remaining Defendants' personnel files may be relevant to Mr. Nicastro's

Establishment Clause claim. *See Thomas v. Lawler*, No. 1:10-CV-2437, 2013 WL 1307772, at \*3 (M.D. Pa. Mar. 28, 2013) ("While the court may agree that not all reprimands Defendants may have received from their employer would be relevant to this action, the court would disagree to the extent that any of the defendants were reprimanded for violating an inmate's First Amendment rights."); *Brandon v. Beard*, 140 F.R.D. 328, 329 (M.D. Pa. 1991) ("The plaintiff has specified that his request concerns the date on which the defendants were hired, the dates and reasons for termination and educational training. He does not seek personal information that may jeopardize the defendants' safety. He does not seek the entire files on the defendants for his own perusal. Thus, the defendants are directed to provide the limited information stated above."). However, the Court will not compel Mr. Ritchey or Ms. Earnesty (or Mr. Mailman) to provide Mr. Nicastro with the entirety of their personnel file. Further, the Court stresses that it is not presently ruling on whether any specific documents that Mr. Nicastro may seek are protected from discovery in light of the confidentiality of those documents.

In sum, the Court will grant Mr. Nicastro's Motion to Compel insofar as the Court will permit him to submit to the Remaining Defendants a narrow request for specific documents within their employment files that are relevant to his Establishment Clause claim. The Remaining Defendants may then respond to that request with any objection(s) they deem appropriate.

### 6. The Court Will Deny Mr. Nicastro's Request to Extend the Discovery Deadline in This Case, With the Lone Exceptions of the Four Requests Permitted Above

Fact discovery in this case concluded on December 31, 2023. (ECF No. 76). In his Motion to Compel, Mr. Nicastro states that he is "asking this Court to extend the [d]iscovery phase of

this [case] to include a video hearing." (ECF No. 80 at 3) (emphasis removed). In their Response to the Motion to Compel, Mr. Ritchey and Ms. Earnesty contend that Mr. Nicastro's "request is untimely and discovery in this case was reopened for a second time. [Mr. Ritchey and Ms. Earnesty] object to [Mr. Nicastro's] request to reopen discovery for a third time." (ECF No. 82 at 5).

Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *Bohnenkamp v. Whisterbarth*, No. 1:19-CV-00115-RAL, 2022 WL 4236615, at *1 (W.D. Pa. Sept. 14, 2022) ("If the movant cannot demonstrate good cause, the scheduling order shall control.") (internal quotation marks and citation omitted). In this case, Mr. Nicastro does not advance a specific argument that there is good cause supporting his request to extend the deadline for the completion of fact discovery. (ECF Nos. 80, 83). Therefore, with the exception of allowing Mr. Nicastro to submit the four requests that the Court outlined above, *see supra* Sections IV.B.1, 3–5,[13] the Court denies his request to extend the fact discovery deadline in this case.

### 7.   The Court Declines to Take Any Action Permitted Under Rule 37(a)(5)(C)

If the Court grants in part and denies in part a motion to compel, the Court "may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

In light of: (1) the nature of this case, (2) the fact that neither Mr. Nicastro nor Mr. Ritchey and Ms. Earnesty seek expenses under Rule 37(a)(5)(C), (ECF Nos. 80, 82, 83), and (3)

---

[13] The Court finds that there is good cause to permit Mr. Nicastro to submit these four requests because all four requests pertain to items that he took care to seek within the discovery period set forth by the Court. *See Gordon Med., Inc. v. Vaughn*, No. 22-CV-319-MN-SRF, 2023 WL 3340207, at *2–4 (D. Del. May 10, 2023).

the fact that certain of the issues raised within Mr. Nicastro's Motion to Compel are very much subject to reasonable dispute, the Court declines to exercise its discretion to issue a protective order or apportion expenses relative to the Motion to Compel. *Salcedo v. Milton S. Hershey Med. Ctr.*, No. 1:19-CV-02201, 2023 WL 2392040, at *12 (M.D. Pa. Mar. 7, 2023).

## V.      Conclusion

For the foregoing reasons, the Court: (1) dismisses with prejudice all of Mr. Nicastro's claims as against Mr. Dirienzo, (2) dismisses with prejudice all of Mr. Nicastro's claims as against Mr. Mailman, with the lone exception of Mr. Nicastro's Establishment Clause claim, and (3) grants in part and denies in part Mr. Nicastro's Motion to Compel. (ECF No. 80).

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. NICASTRO, | ) | CIVIL ACTION NO. 3:15-182 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| P. JOEL RITCHEY, *DATS Supervisor,* | ) | |
| *SCI Laurel Highlands,* and LORRIE | ) | |
| EARNESTY, *DATS Counselor, SCI* | ) | |
| *Laurel Highlands.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this __15th__ day of February, 2024, upon consideration of Plaintiff Robert J. Nicastro's ("Mr. Nicastro") Amended Complaint at ECF No. 18 in this action, which incorporates his Complaint at ECF No. 2 in Case Number 3:15-cv-247, and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that, pursuant to 42 U.S.C. Section 1997e(c): (1) all of Mr. Nicastro's claims as against Defendant Mario Dirienzo are **DISMISSED WITH PREJUDICE**, (2) Mr. Nicastro's Establishment Clause claim as against Defendant William Mailman ("Mr. Mailman") **SHALL PROCEED**, and (3) all of Mr. Nicastro's other claims as against Mr. Mailman are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Mr. Nicastro shall effectuate service of the Amended Complaint at ECF No. 18 on Mr. Mailman in accordance with all legal requirements. (ECF No. 31); Fed. R. Civ. P. 4(c).

**IT IS FURTHER ORDERED** that Mr. Nicastro's Motion to Compel, (ECF No. 80), is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Mr. Nicastro's Motion to Compel is

**GRANTED** insofar as the Court will permit him to submit the following four requests to Mr. Mailman, Defendant P. Joel Ritchey, and Defendant Lorrie Earnesty (the "Remaining Defendants") within **fourteen (14) days** of the date of this Order:

(a) a request for "DOC/PBPP documents related to [his] participation in the TC Program" that are not already included in the 2013 and 2014 TC evaluations given to Mr. Nicastro;

(b) a request for specific documentation that indicates the following two facts: (1) Mr. Nicastro's sentencing judge designated him as RRRI-eligible and (2) the Pennsylvania Department of Corrections ratified that status, insofar as the Remaining Defendants can produce such documentation;

(c) a request for specific grievances that Mr. Nicastro filed while incarcerated and that are relevant to this lawsuit; and

(d) a narrow request for specific documents within the Remaining Defendants' employment files that have relevance to Mr. Nicastro's Establishment Clause claim. The Remaining Defendants may then respond to that request with any objection(s) they deem appropriate.

**IT IS FURTHER ORDERED** that Mr. Nicastro's Motion to Compel at ECF No. 80 is **DENIED** in all other respects. With the exception of the four requests that the Court is presently permitting Mr. Nicastro to submit, discovery in this case shall remain closed in all other respects.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE