## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT J. NICASTRO            )
                             )
    Plaintiff,           )
            v.     )        Civil No. 3:15-cv-00182
                             )        Judge Stephanie Haines
P. JOEL RITCHEY, *DATS Supervisor,* )
*SCI Laurel Highlands* and LORRIE  )
EARNESTY, *DATS Counselor,*         )
*SCI Laurel Highlands,*             )
                             )
    Defendants.          )

## OPINION

Plaintiff Robert J. Nicastro ("Mr. Nicastro") has one remaining claim against Defendants P. Joel Ritchey ("Mr. Ritchey") and Lorrie Earnesty ("Ms. Earnesty") (collectively, the "Defendants"). Specifically, Mr. Nicastro contends that Mr. Ritchey and Ms. Earnesty violated his rights under the First Amendment's Establishment Clause during the time that he was incarcerated in the State Correctional Institute at Laurel Highlands ("SCI Laurel Highlands").

Currently pending before the Court are three motions. The first is Mr. Nicastro's Motion for Summary Judgment, (ECF No. 83), which is fully briefed and ripe for disposition. (ECF Nos. 83, 88, 91). For the following reasons, the Court DENIES Mr. Nicastro's Motion at ECF No. 83.

The second pending motion is the Defendants' Motion for Summary Judgment, (ECF No. 92), which is likewise fully briefed and ripe for disposition. (ECF Nos. 92, 93, 94, 97). For the following reasons, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion at ECF No. 92.

The third motion is Mr. Nicastro's "Motion to Have the PA AG Put Up or Shut Up[,]" (ECF No. 103), which the Court DENIES for the following reasons.[1]

## I. Background

Because this Court has written multiple opinions addressing the factual and legal issues in this case, (ECF Nos. 49, 54, 84), and because the questions presented by the three pending motions are capable of resolution without the Court providing extensive additional information, the Court briefly offers the following background regarding this matter.

This case was initially assigned to United States District Judge Kim R. Gibson ("Judge Gibson") and referred to United States Magistrate Judge Keith A. Pesto ("Magistrate Judge Pesto").

In Mr. Nicastro's Initial Complaint (the "Initial Complaint"), (ECF No. 2), which he filed while incarcerated at SCI Laurel Highlands, he lodged the following allegations:

> (1) [H]e was granted parole from prison, contingent upon his completion of a Therapeutic Community ("TC") program; (2) that TC program, as it was conducted at the facility wherein he was incarcerated, was a "Faith-based cult[;]" and (3) he was terminated from participating in that TC program, thereby becoming unqualified for parole, after he complained about violations of his religious liberty while participating in the [] program.

(ECF No. 84 at 2) (quoting ECF No. 2 at 3). Further, as the Court previously noted, the only remaining claim at this stage in this case is Mr. Nicastro's Establishment Clause claim as against Mr. Ritchey and Ms. Earnesty, and that claim is largely predicated on their involvement in the foregoing factual allegations. (ECF No. 84 at 7).[2]

---

[1] The Court has subject matter jurisdiction over this case because Mr. Nicastro's Establishment Clause claim, which he brings via Title 42, United States Code, Section 1983, arises under federal law. 28 U.S.C. §1331. Further, venue is proper in this District because a substantial part of the events giving rise to Mr. Nicastro's claim occurred here. 28 U.S.C. § 1391(b)(2).

[2] Mr. Nicastro also filed an Amended Complaint advancing: (1) his Establishment Clause claim as against additional defendants and (2) claims arising under different legal provisions. (ECF No. 18). However, Judge Gibson has

On February 2, 2023, Judge Gibson issued a Memorandum Opinion resolving the issue of whether to grant the Defendants' Motion for Summary Judgment with respect to Mr. Nicastro's Establishment Clause claim. (ECF No. 54). In that Memorandum Opinion, Judge Gibson found that there was record evidence supporting the following four conclusions:

> [(1)] [Mr. Nicastro] was required to complete the TC program because failure to do so would have negatively impacted his parole eligibility; [(2)] this program involved religious elements with which [Mr. Nicastro] found engagement objectionable; [(3)] engagement with these religious elements was effectively required for participating inmates; and [(4)] [Mr. Nicastro's] termination from the program was at least partially a consequence of [his] unwillingness to so engage.

(*Id.* at 6). Accordingly, because Judge Gibson found that Mr. Nicastro "had 'raised material questions of fact' as to 'whether he was required to engage with TC's religious and/or spiritual elements in order to successfully complete the program[,]' as well as 'whether he was offered a secular means of completing'" the program, Judge Gibson declined to award summary judgment in favor of the Defendants on Mr. Nicastro's Establishment Clause claim. (ECF No. 84 at 6–7) (quoting ECF No. 54 at 7–12).

On January 22, 2024, after the parties engaged in additional discovery, Mr. Nicastro filed his Motion for Summary Judgment, seeking judgment in his favor on his Establishment Clause claim. (ECF No. 83). On March 19, 2024, the Defendants filed their Response in Opposition. (ECF No. 88). Finally, on March 29, 2024, Mr. Nicastro filed his Reply. (ECF No. 91).

On April 1, 2024, the Defendants filed their Motion for Summary Judgment, Brief in Support, and Concise Statement of Material Facts. (ECF Nos. 92, 93, 94). Specifically, Mr. Ritchey and Ms. Earnesty request that the Court enter judgment in their favor with respect to Mr.

---

dismissed that Amended Complaint in its entirety, (ECF No. 84 at 21; ECF No. 99), leaving the Court to consider Mr. Nicastro's Establishment Clause claim as against Mr. Ritchey and Ms. Earnesty alone.

Nicastro's requests for compensatory and punitive damages. (ECF No. 92 at 4). Mr. Nicastro filed his Response in Opposition on May 28, 2024. (ECF No. 97).

Mr. Nicastro then filed his "Motion to Have the AG Put Up or Shut Up" on December 27, 2024. (ECF No. 103).

Finally, on January 30, 2025, Chief United States District Judge Mark R. Hornak reassigned this case to the undersigned.

## II. Standard of Review

"Summary judgment is appropriate only where . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also* FED. R. CIV. P. 56(a). Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are those that will affect the outcome of the trial under governing law. *Id.* The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). In making this determination, the Court must draw all inferences "in the light most favorable to the nonmoving party." *Id.* "When there is a disagreement about the facts or the proper inferences to be drawn from them, a trial is required to resolve the conflicting versions of the parties." *Id.* (quoting *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 81 (3d Cir. 1982)).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (citations omitted). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993).

Finally, summary judgment is not appropriate when a case will turn on credibility determinations. *Id.*; *see Liberty Lobby*, 477 U.S. at 255.

## III.    Discussion

### A.    The Court Denies Mr. Nicastro's Motion for Summary Judgment at ECF No. 83

In his Motion for Summary Judgment, Mr. Nicastro contends that the Court must "accept as fact <u>all</u> of [his] claims of religious cult coercion. The Defendants have never disputed, refuted[,] or rebutted such claims[.]" (ECF No. 83 at 2).

In response, the Defendants argue that the Court should deny Mr. Nicastro's Motion for two reasons. (ECF No. 88). First, the Defendants assert that Mr. Nicastro has "failed to show that there are no material facts in dispute, and thus, fails to meet the standard for summary judgment." (*Id.* at 1). Second, Mr. Ritchey and Ms. Earnesty contend that Mr. Nicastro failed to comply with this Court's Local Rules by not filing a concise statement of material facts, memorandum, or appendix of documents relied upon in seeking summary judgment. (*Id.* at 2).

For the following three interrelated reasons, the Court denies Mr. Nicastro's Motion at ECF No. 83.

First, this Court's Local Rules do require a party seeking summary judgment to submit: (1) a concise statement of material facts, (2) a memorandum in support, and (3) an appendix along with such a motion. LCvR 56.B, WESTERN DISTRICT OF PA https://www.pawd.uscourts.gov/sites/pawd/files/lrmanual20181101.pdf (last accessed Mar. 28, 2025). Mr. Nicastro did not submit these documents to the Court with his Motion for Summary Judgment, (ECF No. 83), and it would therefore be entirely proper for this Court to strike his Motion on that ground alone. *Kelly v. DeJoy*, No. 19-CV-204, 2021 WL 914207, at *2 (W.D. Pa. Mar. 10, 2021) (quoting *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018) ("It is beyond question that the District Court has the authority to strike filings that fail to comply with its local rules.")). While the Court does not deny Mr. Nicastro's Motion for this reason *alone*, the Court does stress that, insofar as Mr. Nicastro has not provided any of those items to the Court, it is difficult for the Court to discern the contours of his argument that summary judgment in his favor is warranted.

Second, when the moving party has the "'burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find'" for the non-movant. *MCO & EA LLC v. Silver Globe Inc.*, No. 20-CV-17100 (SRC), 2022 WL 2161522, at *1 (D.N.J. June 14, 2022) (quoting *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003)). Once the moving party satisfies that initial burden, the non-moving party must "establish that a genuine issue as to a material fact exists." *Id.* The Court has serious doubts as to whether Mr. Nicastro has met the necessary threshold showing here. Indeed, his broad, unsupported assertion that the record evidence establishes his claims does not, by itself, lead the Court to conclude that no reasonable jury could find in favor of the Defendants. (ECF No. 83). Further, although this

Court previously denied the Defendants' motion for summary judgment, thereby finding that there is record evidence in support of Mr. Nicastro's claims, this Court noted pertinent disputes of material fact in doing so. (ECF No. 54 at 11–12).

Third, and building off the Court's previous point, there is record evidence creating a genuine dispute of material fact[3] with respect to Mr. Nicastro's Establishment Clause claim. Under Third Circuit precedent, where a secular approach to recovery is available within a TC program, the government may condition parole on completion of that TC program without violating the Establishment Clause. *Bobko v. Laven*, 157 F. App'x 516, 518 (3d Cir. 2005) ("Here, the defendants submitted evidence establishing that SOS, a secular approach to recovery, is available in the TC program. Thus, the requirement that [plaintiff] complete the TC program as a condition of his parole does not violate his First Amendment rights.").[4] In this matter, when the Court draws all inferences in favor of the Defendants, the Court does have before it: (1) a representation that Mr. Nicastro could have completed SMART, which offered a "non-spiritual approach to recovery

---

[3] The Court notes that, in the absence of any briefing by the parties on this issue, and given the strained procedural history of this case, the Court operates at a high level of generality in this regard. The Court is simply stressing that, for several reasons, summary judgment in Mr. Nicastro's favor is unwarranted.

[4] The Court briefly overviews the current state of the law on this issue. Regarding the question of whether the government may require an inmate to engage with a TC program involving religious components, the Third Circuit held, in 2005, that the "government violates the First Amendment's Establishment Clause when it requires a prisoner to participate in a drug or alcohol rehabilitation program with a religious component." *Bobko v. Laven*, 157 F. App'x 516, 518 (3d Cir. 2005). At the time the Third Circuit reached that conclusion, the test found in *Lemon v. Kurtzman*, 403 U.S. 602 (1971), factored heavily into courts' understanding of the Establishment Clause. *Begnoche v. DeRose*, 676 F. App'x 117, 122 (3d Cir. 2017) (applying *Lemon*). However, the Supreme Court recently made clear that, in place of "*Lemon* and the endorsement test ... the Establishment Clause must be interpreted by reference to historical practices and understandings." *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 535 (2022) (internal quotation marks and citation omitted).

Despite this shift, in *Kennedy*, the Supreme Court reiterated that the Establishment Clause forbids the Government from forcing citizens to engage "in a formal religious exercise[.]" *Id.* at 537 (internal quotation marks and citation omitted). Therefore, post-*Kennedy*, it appears clear to the Court that the Government *may not* require an inmate to complete a TC program as a condition of parole and then require that inmate to engage in a "formal religious exercise" as a condition of completing that TC program. Relatedly, it appears clear to the Court that the Government *may* require an inmate to complete a TC program as a condition of parole and then require the inmate to engage with secular components (i.e., components not involving a "formal religious exercise") within that TC program as a condition of completing that program.

that parallel[ed] the 12-step approach[,]" as part of the TC program, (ECF No. 22-1 at 16; ECF No. 54 at 11–12), (2) a statement by Mr. Nicastro that he did in fact participate in SMART, (ECF No. 23 at 5), and (3) evidence indicating that Mr. Nicastro was terminated from the TC program because of his general unwillingness to engage and comply with faith-neutral aspects of that program. (ECF No. 22-1 at 10). In other words, on this set of facts, a reasonable jury could find that Mr. Nicastro was offered a secular alternative within the TC program and was terminated from that program simply because he did not comply with the faith-neutral aspects of that program, all of which would not offend the Establishment Clause. *Bobko*, 157 F. App'x at 518.

In short, as Judge Gibson found in his February 2, 2023, Memorandum Opinion, there are genuine disputes of material fact over some of the central questions in this case. (ECF No. 54 at 11–12). Just as those disputes foreclosed summary judgment in favor of the Defendants, so they foreclose summary judgment in favor of Mr. Nicastro. Therefore, for all of the foregoing reasons, the Court denies Mr. Nicastro's Motion at ECF No. 83.

### B.    The Court Grants in Part and Denies in Part the Defendants' Motion at ECF No. 92

In their Motion for Summary Judgment, Mr. Ritchey and Ms. Earnesty first contend that the "summary judgment record fails to disclose that [Mr. Nicastro] sustained any physical injury as a result of the conduct alleged," meaning that the Prison Litigation Reform Act (the "PLRA") bars Mr. Nicastro from recovering compensatory damages in this case. (ECF No. 92 at 3). Further, with respect to punitive damages, the Defendants argue that none of Mr. Nicastro's allegations "show that [the] Defendants['] conduct [was] motivated by evil motive or intent or involved a reckless or callous indifference to [Mr. Nicastro's] federally protected rights." (*Id.* at 4). Therefore, Mr. Ritchey and Ms. Earnesty seek summary judgment on Mr. Nicastro's request for punitive damages. (*Id.* at 5).

In his Response, Mr. Nicastro does not point to any physical injury that he suffered as a result of the Defendants' alleged conduct, but he does refer to conduct by Mr. Ritchey and Ms. Earnesty that he contends supports his request for punitive damages. (*See* ECF No. 97).

### 1. The Court Largely Grants the Defendants' Motion for Summary Judgment (ECF No. 92) With Respect to the Issue of Compensatory Damages

Turning first to the issue of compensatory damages, the Court begins by outlining Mr. Nicastro's specific requests on this score. The Court then turns to the issue of whether a reasonable jury could award him the types of compensatory damages that he is seeking in this matter.

In Mr. Nicastro's Initial Complaint at ECF No. 2, he indicates that he is requesting $250,000 for lost wages, plus "damages deemed necessary and appropriate." (ECF No. 2 at 4). In his Amended Complaint at ECF No. 18, Mr. Nicastro states that is seeking $430,000 in lost wages and income "in addition to compensatory and punitive damages." (ECF No. 18 at 3). Finally, assuming without deciding that it was a proper vehicle for lodging or expounding upon a claim for damages, Mr. Nicastro submitted a document on April 26, 2019, in which he indicates that he is advancing an "emotional distress claim against the Defendants in the amount of $4.86 million." (ECF No. 38).[5]

With respect to Mr. Nicastro's request for damages for emotional distress, the Court finds that this action is subject to the PLRA and its relevant restriction on the award of certain types of compensatory damages. Indeed, Mr. Nicastro filed both of his complaints in this case while he was incarcerated within Pennsylvania-state prisons. (ECF No. 2 at 1; ECF No. 18 at 3). Therefore, the PLRA's bar on recovering compensatory damages for "mental or emotional injury suffered while in custody without a prior showing of physical injury" applies to his request for damages for

---

[5] The Court does not deem this filing, which Mr. Nicastro submitted without leave of court and without any indication that the Defendants consented to its filing, to be an amended complaint. Fed. R. Civ. P. 15(a)(2). Rather, the Court cites it as a representation of the types of damages that Mr. Nicastro seeks in this matter.

emotional harm. 42 U.S.C. § 1997e(e); *Michel v. Levinson*, 437 F. App'x 160, 161, 163–64 n.2 (3d Cir. 2011) (applying PLRA's bar on certain compensatory damages where plaintiff was "incarcerated at the time he filed the instant lawsuit but [had] since been released"); *cf. Garrett v. Wexford Health*, 938 F.3d 69, 84 (3d Cir. 2019) (noting that the PLRA's administrative exhaustion requirement did not apply to a prisoner who had been released and *subsequently filed an amended and supplemental complaint*). Further, in his Response to the Defendants' Motion for Summary Judgment, Mr. Nicastro offers the Court no indication that he suffered any physical injury in this matter. (ECF No. 97). Therefore, the Court holds that Mr. Nicastro has failed to show that a reasonable jury could award him compensatory damages for mental or emotional harm in this case, and the Court grants summary judgment in favor of Mr. Ritchey and Ms. Earnesty insofar as Mr. Nicastro seeks such damages. *Michel*, 437 F. App'x at 163–64.

That finding leaves the Court with Mr. Nicastro's requests for lost wages and other compensatory damages. Critically, the "PLRA does not bar a plaintiff [who has not shown physical injury] from [still] recovering compensatory damages when he suffered compensable injuries other than mental or emotional harm." *Saunders v. Criley*, No. 1:22-CV-751, 2024 WL 4858584, at *7 (M.D. Pa. Nov. 21, 2024) (citing 42 U.S.C. § 1997e(e)). Accordingly, the Court must separately consider whether summary judgment is warranted with respect to these claims.

Regarding the issue of lost wages, the parties have not briefed this issue, but the United States Supreme Court has held that a:

> [C]onstitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

*Martz v. SCI-Coal Twp. Therapeutic Cmty.*, No. 3:11-CV-830, 2013 WL 4761123, at \*6 (M.D.

Pa. Sept. 4, 2013) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). In *Martz*, the

plaintiff contended that he spent more time incarcerated because he was denied parole eligibility

over his failure to participate in objectionable aspects of a TC program, much like Mr. Nicastro.

*Id.* at \*2–5. Applying the rule from *Hertz*, the *Martz* court held as follows with respect to plaintiff's

claim for damages relative to his sentence:

> There is no assertion in the Complaint that any tribunal has made a determination
> that the terms of Plaintiff's criminal sentence were violated or that he was unjustly
> denied parole on his minimum release date. Based on the nature of [Plaintiff's]
> allegations, a finding in his favor would imply the invalidity and/or comprise the
> parole eligibility determination at issue herein. Thus, any request by Plaintiff for
> monetary damages against any correctional official is premature because [Plaintiff]
> cannot maintain a cause of action for unlawfully extended imprisonment until the
> basis for that allegedly extended imprisonment (i.e., a finding that the terms of his
> criminal sentence were violated via an adverse parole determination) is rendered
> invalid by an appropriate tribunal.

*Id.* at \*6.

In like fashion, Mr. Nicastro has not alleged that any tribunal has determined that the terms

of his criminal sentence were violated, or that he was unjustly denied parole on his minimum

release date. (ECF Nos. 2, 18). Therefore, insofar as any damages claim by Mr. Nicastro in this

case would necessitate a finding by this Court that the Parole Board acted improperly relevant to

Mr. Nicastro and his parole, that damages claim is barred by *Heck*. *Williams v. Consovoy*, 453

F.3d 173, 177 (3d Cir. 2006) (dismissing Section 1983 claim where that claim would "necessarily

demonstrate the invalidity of the Parole Board's decision"); *see also Hilliard v. Reilly*, No. 09-

CV-4282 (JBS), 2009 WL 3151324, at \*2, \*5 (D.N.J. Sept. 24, 2009) (dismissing damages claim

under *Heck* where plaintiff sought compensatory damages, including lost wages, because he

alleged that he had been improperly denied parole for six years, and where plaintiff did not prevail

in his habeas challenge to the denial of parole). To state the matter differently, it appears to the

Court that Mr. Nicastro is seeking significant lost wages for the time that he believes he should have been out of prison on parole but was instead incarcerated because of his failure to engage with certain aspects of the TC program. Insofar as an award of such lost wages (or one like it) would necessitate a finding by this Court that Mr. Nicastro *should have been paroled earlier*, such a claim is currently barred by *Heck*.

In sum, the Court grants Mr. Ritchey and Ms. Earnesty's Motion at ECF No. 92 insofar as Mr. Nicastro seeks compensatory damages: (1) for mental or emotional harm and (2) for any lost wages or other type of compensatory damages that are barred by the rule in *Heck*. In order to clarify the record in this matter, Mr. Nicastro shall supply to the Court a statement of any and all compensatory damages that he is seeking that are not barred by any of the foregoing legal principles. The Court will so direct Mr. Nicastro in the Order that it enters following this Memorandum Opinion.[6]

### 2. The Court Denies the Defendants' Motion for Summary Judgment (ECF No. 92) With Respect to the Issue of Punitive Damages

Turning to the issue of punitive damages, the Court begins by noting that, although the PLRA bars recovery of compensatory damages for mental or emotional injury absent a showing of physical injury, the physical injury requirement does not stand as a bar to a plaintiff's "ability to seek nominal or punitive damages for violations of his constitutional rights." *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003). Further, the standard for punitive damages in a federal civil rights action permits a jury to "'assess punitive damages … when the defendant's conduct is shown

---

[6] In the event that Mr. Nicastro is not seeking compensatory damages in this matter other than those that the Court has already deemed unobtainable, the Court notes that there is precedent suggesting that any potential award of punitive damages in this case could not exceed a certain threshold. *See Pirl v. Ringling*, No. 3:19-CV-208, 2023 WL 2435443, at *12–14 (W.D. Pa. Mar. 9, 2023) (reducing punitive damages award from $25,000.00 to $10,000.00 in case involving $1.00 in nominal damages and no compensatory damages based on the court's finding that an "individual punitive damages award of either $5,000.00 or $10,000.00 in contrast to a $1.00 nominal damages award on a single claim is not excessive.") (internal quotation marks and citation omitted).

to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Alexander v. Riga*, 208 F.3d 419, 431 (3d Cir. 2000) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). It is "not essential that the defendant's action meet the higher standard of an intentional or evil motive, only that a 'defendant's conduct must be, at a minimum, reckless or callous.'" *Kleinberg v. Clements*, No. 09-CV-4924 (NLH), 2012 WL 1019290, at *8 (D.N.J. Mar. 23, 2012) (quoting *Savarese v. Agriss*, 883 F.2d 1194, 1204 (3d Cir. 1989)). Finally, courts "within this Circuit have routinely permitted punitive damages claims to proceed to a jury in prisoner litigation[.]" *Houser v. Folino*, No. 2:10-CV-00416, 2015 WL 7291787, at *3 (W.D. Pa. Nov. 16, 2015).

In this case, there are record representations[7] upon which a jury could reasonably find that the Defendants acted with at least a reckless or callous indifference to Mr. Nicastro's rights under the Constitution. For example, Mr. Nicastro represents that, as part of and following his disagreements with Mr. Ritchey over the religious nature of the TC program, Mr. Ritchey told Mr. Nicastro that he was going to "use his influence with parole to keep [Mr. Nicastro] in jail." (ECF No. 23-1 at 25). Likewise, in Mr. Nicastro's Initial Complaint, which he signed under penalty of perjury, he states that Mr. Ritchey terminated him from the TC program without merit. (ECF No. 2 at 3–4). Further, in a document that Mr. Nicastro indicates he signed under penalty of perjury, he represents that Ms. Earnesty participated in "target[ing]" him on the basis of his beliefs by requiring him to engage in an activity within the TC program that "had not occurred before or since" within that program. (ECF No. 23 at 2, 6).

---

[7] The Court notes that there is precedent for considering, at the summary judgment stage "specific, factual allegations in [a verified] complaint that are based on personal knowledge, and the Court can treat such allegations as if they were made in an affidavit or declaration." *Mobley v. Wetzel*, No. 1:14-CV-00035, 2017 WL 3404977, at *2 n.2 (M.D. Pa. June 5, 2017) (collecting cases). In this case, given Mr. Nicastro's pro se status, his attempts at consistently submitting evidence in support of his claims, the fact that he has consistently submitted documents under penalty of perjury, and the strained procedural history of this matter, the Court considers his representations in the text above in resolving the Defendants' Motion for Summary Judgment.

Of course, a jury may not believe these representations by Mr. Nicastro, and the jury may ultimately find that they have innocent explanations (or at least explanations unrelated to Mr. Nicatro's rights under the Establishment Clause). However, Mr. Nicastro offers these representations all the same. Ultimately, the Court finds that it is "best to resolve [the issue of punitive damages] after the conclusion of all the evidence rather than pre-trial. If the evidence is lacking as to recklessness and malice, [the Defendants] may renew their motion to strike a demand for punitive damages at that time." *Kleinberg*, 2012 WL 1019290, at *9.

Accordingly, the Court denies Mr. Ritchey and Ms. Nicastro's Motion at ECF No. 92 insofar as they seek summary judgment on Mr. Nicastro's request for punitive damages.

### C.    The Court Denies Mr. Nicastro's Miscellaneous Motion at ECF No. 103

The final matter pending before the Court is Mr. Nicastro's "Motion to Have the PA Ag Put Up or Shut Up[.]" (ECF No. 103). In that document, Mr. Nicastro contends that counsel for the Defendants has failed to refute his allegations, an assertion that the Court has previously examined and resolved in this Memorandum Opinion. *See supra* Section III.A. Mr. Nicastro also requests that the Court continue to advance this matter, which is occurring by way of this Memorandum Opinion. Finally, Mr. Nicastro does not cite any particular legal rule or indicate that he is seeking any specific legal relief by way of this filing. Therefore, the Court denies Mr. Nicastro's Motion at ECF No. 103 as moot, unavailing, or both.

## IV.    Conclusion

For the reasons stated above, Mr. Nicastro's Motion for Summary Judgment at ECF No. 83 is DENIED, Mr. Ritchey and Ms. Earnesty's Motion for Summary Judgment at ECF No. 92 is GRANTED IN PART and DENIED IN PART, and Mr. Nicastro's Motion at ECF No. 103 is DENIED. As the Court explained above: (1) Mr. Nicastro has not shown that he is entitled to

summary judgment on his Establishment Clause claim; (2) no reasonable jury could find in Mr.

Nicastro's favor on certain of his claims for compensatory damages, but others may possibly be

cognizable under the law; and (3) a reasonable jury could find in Mr. Nicastro's favor on his claim

for punitive damages.

An appropriate Order will be entered.


Dated: March 31, 2025

Stephanie L. Haines
United States District Court Judge


**Notice by U.S. Mail to:**

Robert J. Nicastro
315 South Broad Street
Unit 1126
Philadelphia, PA 19107